Wood, Judge.
We entertain the opinion, that the great portion of the evidence which was given on the trial of this motion in the court of Common Pleas should be laid out of view. It appears to us immaterial, whether, in the language of counsel, the proof shows that the defendants have tampered with the sheriff, or, whether he has trifled with the process of the court, so far as the present ease is concerned.
*236 The important inquiry is, what is the return of the sheriff on the fi.fa.? And does it show the due execution and faithful discharge of his official obligations, cast upon him by the reception of the execution ? If the return of the officer shows this, upon its face, the plaintiff could not go behind it, on a motion to amerce; but is left to his remedy by action for a false return. The reason is, this summary mode of redress is not given, by statute, for a false return.
*The statute is penal, must be construed strictly, and the sheriff [236 shown to be within both the letter and spirit. Bushnell v. Eaton, Wright.
Taking the facts, then, to be true, as set forth in the return, is the sheriff justifiable in receiving the amount of damages due the plaintiff in the paper of.the bank? Several statutes are cited by counsel, as bearing on this question. The ninth section of the act of 1824, “ to regulate proceedings where. banks and bankers are parties,” among other things, provides, that, in all suits or actions prosecuted by a bank or banker, or persons claiming as their assignees, etc., and for their benefit, the sheriff, upon any execution in his hands, in favor of such bank or banker, their or his assignees, etc., shall receive the note or notes of such bank or banker from the defendant, in discharge of the judgment, and that, if such notes are refused to be received from the sheriff, he shall not be liable to any proceedings whatever, at the suit, or 'upon the complaint, of such bank or banker, or his or their assignee. Swan’s Stat. 147.
The act of 1842, O. L. vol. 40, p. 33, declares the meaning and intention of the act of 1824, sec. 9, was, and is, that payment may be made by the debtor of such bank, etc., in the notes or obligations thereof, issued as currency, etc., as against the assignees, whether such bank retains an interest therein or not, but provides the act shall not extend to any assignee who, heretofore, shall have become such, bona fide, in the settlement of his claims against such bank or banker. These enactments have been thought severe and unjust, by some, but we must suppose them to be such as were believed to be called for by the circumstances of the times. At all events, their constitutionality can not be seriously questioned, for they affect only the remedy, which is always subject to the legislative will, and in refusing to permit proceedings to be instituted against the sheriff they do not impair the validity of the contract.
Is the return of the sheriff, then, in compliance with this law ? In substance, it recites, that he has made the amount of the costs, $73.59, *238 and the said Valette, not being an assignee, bona fide, of the prom-237] issory note on which the judgment was *rendered, in the settlement of any claim or claims of his against said bank, he had received the balance of the judgment, $4250, in the notes of the bank.
Here was the case, where the sheriff was bound to act. He must do so at his peril. Neither mistakes of law or of fact excuse him. If he refused the notes, and made his levy, he was liable to the defendants, if Yalette were not such bona fide assignee; if he received them, he was liable to Yalette, if he sustains the character and relation to the bank he assumed. The sheriff, then, was bound, for himself, to decide the question. He has done so, and set it out in his return ; and the remedy against the sheriff, if any exist, must be, in our view of the case, by an action for a false return.
Judgment affirmed.